# Order

Michigan Supreme Court
Lansing, Michigan

May 17, 2019

158541

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

FRED HUSTON-DARNELL CHANDLER,
      Defendant-Appellant.

_____/

SC: 158541
COA: 333207
Muskegon CC: 15-066436-FH

On order of the Court, the application for leave to appeal the August 21, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

McCORMACK, C.J., (*concurring*).

I concur in the Court's order denying leave to appeal because I agree with the Court of Appeals that any error in the trial court's decision to admit other-acts evidence under MRE 404(b) was harmless. I write separately, however, because I disagree with the Court of Appeals' 404(b) analysis. I believe that the trial court abused its discretion by admitting the other-acts evidence.

Although the Court of Appeals correctly recited the relevant standard from *People v Golochowicz*, 413 Mich 298, 309-311 (1982), it didn't apply it. Rather than determining whether the two acts shared "some special quality . . . that tends to prove the defendant's identity," *id.* at 309, the Court of Appeals compared the similarities and differences of the two shoplifting offenses, concluding that "the peculiarities of defendant's conduct in each circumstance are sufficiently similar to each other and sufficiently atypical as compared to the general class of offenses to earmark the charged offense as defendant's handiwork." *People v Chandler (On Remand)*, unpublished opinion of the Court of Appeals, issued August 21, 2018 (Docket No. 333207), p 5.

But more-alike-than-different is not the standard, as the panel recognized. Rather, the crime must be " 'so unusual and distinctive as to be like a signature,' " *Golochowicz*, 413 Mich at 310-311 (citation omitted), and the "manners or systems employed by the perpetrator of the uncharged crime and the crime in question" must involve "such distinctive, unique, peculiar or special characteristics as to justify an ordinarily reasonable juror to infer that both were the handiwork of the same person," *id.* at 312.

The "peculiarities" identified here were (1) robbing "a small, local business," (2) giving an excuse when confronted about the shoplifting, and (3) fleeing the scene at high speed on residential streets. *Chandler (On Remand)*, unpub op at 5. The panel did not describe the characteristics of "the general class of offenses" against which the defendant's crimes stood out as atypical. *Id.* Nor do these "peculiarities" seem peculiar enough to be like a signature.

Thus, in my view, the evidence did not satisfy *Golochowicz* and admitting it was error. But I agree with the Court of Appeals' alternative holding that any error was harmless in light of the "abundant other evidence" from which the jury could infer identity. *Id.* at 6.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 17, 2019



Clerk

a0514